IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARCUS B. HARRIS,

    Plaintiff,

vs.                                      Case No. 4:14cv358-WS/CAS

MICHAEL D. CREWS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case on July 7, 2014. Docs. 1-5. Plaintiff's in forma pauperis motion was granted and he was assessed an initial partial filing fee of $3.84, to be paid by August 11, 2014. Doc. 7. Plaintiff filed objections to that Order, doc. 11, which were denied. Doc. 12.

At the same time Plaintiff filed objections, he also filed a motion requesting that the Clerk of Court provide him with certain copies. Doc. 10. That request was granted, doc. 13, but the Order mistakenly reminded Plaintiff to pay "his initial partial filing fee in the amount of $10.00" by the deadline. Plaintiff then filed a "motion for reconsideration of order and motion to alter and amend judgment." Doc. 14. Recognizing the typographical error, the motion was granted to the extent the in forma pauperis amount

was corrected. Doc. 15. Plaintiff was then given until September 11, 2014, in which to pay $3.84 as assessed. *Id., citing* doc. 7. Plaintiff was advised that if he desired "to be relieved of the partial filing fee, Plaintiff must provide the Court with a printout of his inmate bank account which <u>shows all transactions</u> in his account for the months of June, July, and August." Doc. 15 (emphasis added). What was intended to be implicitly conveyed by that Order is that even if Plaintiff's inmate account had a zero balance at the time of case initiation, it must still be determined that he did not subsequently receive any funds with which he could pay the assessed fee. *See* 28 U.S.C. § 1915(b)(1).

Plaintiff filed another document in response to that Order. Doc. 16. Plaintiff states that he has submitted evidence showing a zero balance. *Id.* at 1. The difficulty with Plaintiff's recent submission is that it shows a zero balance as of August 15, 2014, but it also indicates that $100.00 was deposited between July 16, 2014, and August 14, 2014. Doc. 15 at 5. Moreover, Plaintiff did not submit a complete inmate bank account printout from the Department which <u>shows all transactions</u> in his account. There is no showing of the deposits made into Plaintiff's account, nor is there an accounting of where the $100.00 was spent or if it was applied to other liens.

This Court has now considered Plaintiff's responses along with Plaintiff's initial complaint. Plaintiff did not use the Court's complaint form in submitting his civil rights complaint. Doc. 1. Rule 5.1 provides that no "civil action commenced by *pro se* litigants under 42 U.S.C. § 1983 . . . shall be considered by the court unless the appropriate forms have been properly completed, signed, and filed by the litigant." N.D. Fla. Loc. R. 5.1(J)(2). Moreover, because Plaintiff did not use the complaint form as required,

Plaintiff did not provide information to this Court concerning his prior litigation which is required by the form.

Judicial notice is now taken that Plaintiff previously initiated case number 8:13cv446 in the Middle District of Florida, Tampa Division. Plaintiff at that time listed his inmate number as 12006716, and was at the Hillsborough County Jail. *See* doc. 1 at 15, doc. 1-1 of that case. Plaintiff's signature on the complaint, doc. 1 at 3, is the same signature as used throughout this case. In addition, the Florida Department of Corrections' website reveals that Plaintiff entered the Department's custody in January 2014, having been convicted and sentenced in December 2013 from Hillsborough County, Florida. That case was filed by the same Plaintiff, although the inmate numbers are different.[1] That case was dismissed on February 26, 2013, finding that Plaintiff was not entitled to in forma pauperis status because he had six cases[2] dismissed either as frivolous or for failing to state a claim, and four other cases dismissed pursuant to § 1915(g).

That statute, enacted as part of the Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

---

[1] The Order of dismissal entered by United States District Judge James D. Whittemore also reveals that Plaintiff uses the name Marzuq Al-Hakim in addition to his legal name of commitment, Marcus B. Harris. Doc. 5 at 1.

[2] The six cases were dismissed from the Middle District: case number 8:00cv391, case number 8:96cv2000, case number 8:96cv1654, case number 8:95cv1908, case number 8:95cv1472, and case number 8:94cv697. Doc. 5 at 2, case number 8:13cv446.

> that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has more than three strikes as noted above. Thus, Plaintiff is only entitled to proceed with in forma pauperis status if Plaintiff has alleged that he is under imminent danger of serious physical injury.

This case challenges the Department of Corrections' food menu and contends too much soy is included in that menu. Plaintiff alleges that high soy content exposes prisoners to serious health problems. Plaintiff names the Secretary of the Department of Corrections and the personnel who are involved in food service and creation of the master menu. Doc. 1. This case does not demonstrate that Plaintiff is in imminent danger of serious physical injury.[3]

Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, the prior Order which granted Plaintiff's motion to proceed in forma pauperis, doc. 7, should be vacated, Plaintiff's motions for leave to proceed in forma pauperis, docs. 2-3, should be denied and this action should be dismissed. The dismissal should be without prejudice to Plaintiff making the same allegations in a complaint for which he pays the full amount of the filing fee at the time of filing the complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id.

---

[3] Claims challenging the level of soy in the food served to Florida's prisoners have not been successful. See Hong v. McNeil, case number 4:10cv155, doc. 87 at 12, citing other cases which were similarly rejected, and doc. 90.

Case No. 4:14cv358-WS/CAS

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the Order which granted Plaintiff leave to proceed in forma pauperis, doc. 7, be **VACATED**, that Plaintiff's motions to proceed in forma pauperis, docs. 2-3, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that all other pending motions be **DENIED**, and Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice** to Plaintiff's refiling of this an action if he simultaneously submits the $400.00 filing fee at the time of case initiation. It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on September 16, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**